UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARLINGTON HEIGHTS MEMORIAL POST NO. 8234 VETERANS OF FOREIGN WARS OF THE UNITED STATES, FORT WORTH, TEXAS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-3112-B |
| COVINGTON SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, and EDWARD MARTIN SEWELL, JR., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. Doc. 9. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

### BACKGROUND

A.  *Factual Background*[1]

Plaintiff initially sued Defendants Covington Specialty Insurance Company, Engle Martin & Associates, and insurance adjuster Edward Martin Sewell, Jr. in Texas state court for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of contract, and breach of the duty of good faith and fair dealing. Doc. 10, App. in Supp. of Pl.'s Mot.

---

[1] The following factual summary is drawn from the parties' initial pleadings and briefing on the Motion to Remand before the Court. Any contested fact is noted as such.

- 1 -

to Remand, Pl.'s Orig. Pet. 6–10 [hereinafter Pl.'s Orig. Pet.].

Plaintiff is a nonprofit organization that owns a piece of property, including a structure on that property, in Fort Worth, Texas (the Property). Doc. 10, Pl.'s Orig. Pet. 1, 3. Plaintiff insured the Property with a commercial property insurance policy (the Policy) issued by Covington. *Id.* at 3. The Policy allegedly provided coverage for damages to the Property caused by wind and hail. *Id.* at 3–4.

On April 26, 2016, a wind and hail storm damaged the Property. *Id.* at 4. Plaintiff asserts that the damage included harm to the roof, exterior, and interior of the Property. *Id.* After the storm, Plaintiff submitted a claim to Covington. *Id.* Covington assigned Plaintiff's claim to Engle Martin & Associates, and Engle Martin assigned the claim to its employee–adjustor Sewell. *Id.* Plaintiff alleges that Engle Martin and Sewell failed to perform a thorough investigation of the claim. *Id.* Specifically, Plaintiff alleges that Sewell: (1) "did not prepare any estimates or scopes of damages to the Property or failed to provide those to the insured"; (2) "failed to hire any qualified experts to appropriately assess the damage"; (3) "delayed the claims process and failed to communicate with the insured"; and (4) "misrepresented the Policy's coverage." *Id.* These inadequacies, Plaintiff alleges, resulted in Defendants wrongfully underpaying and denying its claims in July 2016. *Id.* at 5. Several months later, Plaintiff filed suit in state court. Doc. 1, Notice of Removal ¶ 1.

B.   *Procedural Background*

Plaintiff filed its Original Petition in the 116th Judicial District Court of Dallas County, Texas in October 2016. Doc. 1, Notice of Removal ¶ 1. Defendants then removed the action to this Court on diversity grounds in November 2016. Doc. 1, Notice of Removal ¶ 3. Defendants argue that the Court has subject matter jurisdiction because Sewell, a Texas resident, was fraudulently joined as a

defendant to defeat diversity jurisdiction. *Id.* ¶¶ 3–8. Plaintiff moved to remand the case, contending that Sewell is a proper, non-diverse defendant. Doc. 9, Pl.'s Mot. to Remand ¶¶ 1–2. Defendants responded (Doc. 18), but Plaintiff did not reply. The Motion is ripe for the Court's review.

**II.**

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916.

A. *Removal Jurisdiction*

The federal removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove any civil action to federal court so long as that action falls within the district court's original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, Notice of Removal ¶ 3. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But to invoke the statute, the parties must be completely diverse—both when plaintiff files his complaint and when defendant removes. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). And no properly-joined-and-served defendant may be a citizen of the state where plaintiff brought the action. *See* 28 U.S.C. § 1441(b); *Gasch v. Hartford Acc. & Indem. Co.*,

491 F.3d 278, 281 (5th Cir. 2007).

B.  *Improper Joinder*

If an in-state defendant is improperly joined, a court may disregard the in-state defendant's citizenship for the purpose of determining whether there is complete diversity for diversity jurisdiction. *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249.

To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. Ry. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Defendant asserts only the second method, under which the removing party meets its burden by showing that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Courts resolve whether a plaintiff has met his burden in one of two ways. The first is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the in-state defendant. *Id.* The second is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is appropriate only where the evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Defendants do not argue that a Rule 56-type analysis should be used. And so, the Court finds it appropriate to proceed with a Rule 12(b)(6)-type analysis of Plaintiff's Original Petition.

C.    *Rule 12(b)(6) Analysis*

In conducting a 12(b)(6)-type analysis of a petition originally filed in Texas state court,[2] the Fifth Circuit recently held that federal pleading standards apply. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016).

Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] While an Amended Complaint (Doc. 30), was filed in March 2017, the Court considers only the Original Petition filed in state court while conducting its analysis of Plaintiff's Motion to Remand. This is because "[t]o determine whether jurisdiction is present for removal, [the court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Therefore, any changes made in Plaintiff's Amended Complaint are immaterial for purposes of determining whether the case should be remanded.

[3] Defendants direct the Court's attention to Plaintiff's attorney's website where it appears that the attorney may have a similar way of pleading facts in all insurance disputes. Doc. 18, Defs.' Resp. to Pl.'s Mot. to Remand ¶¶ 15–18 [hereinafter Defs.' Resp.]. While this observation may be relevant to the weight or credibility of Plaintiff's evidence at a later stage in the case, the Court now considers only what Plaintiff included in its Original Petition. *See Twombly*, 550 U.S. at 570.

defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.

## ANALYSIS

The Court must now determine whether Plaintiff sufficiently pled its Texas Insurance Code § 541.060(a)(2)(A) claim against Sewell.[4] Plaintiff argues that the Court has recognized adjusters as subject to liability under Chapter 541 of the Texas Insurance Code, and it argues that its Original Petition adequately stated a claim under § 541.060(a)(2)(A), so Defendants failed to meet their burden of proving no reasonable possibility of recovery existed against Sewell. Doc. 9, Pl.'s Mot. for Remand ¶ 9. Defendants respond that there is a split in authority concerning adjustor liability under Chapter 541. But even if Sewell can be held liable, Defendant adds, Plaintiff's Original Petition contains only formulaic and blanket statements that fall short of Rule 8's pleading requirements. Doc. 18, Defs.' Resp. ¶ 4.

It is established that within the Fifth Circuit "an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Tex. Ins. Code, and may be liable under it." *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016)

---

[4] Plaintiff alleged violations of the following Texas Insurance Code provisions: §§ 541.002(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.061(1), 541.061(2), 541.061(3), 542.055(a)(1), 542.055(a)(2), 542.055(a)(3), 542.056(a), 542.058(a), and 542.060. Doc. 10, Pl.'s Orig. Pet. 6–7. Plaintiff also alleged claims for breach of contract, breach of the duty of good faith and fair dealing, and it alleged violations of the Texas Deceptive Trade Practices Act. *Id.* at 8–10. Because the Court ultimately concludes that there is a reasonable basis to predict that Plaintiff can recover under § 541.060(a)(2)(A), the Court need not address these other claims.

(citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)); *See also Gasch*, 491 F.3d at 282. Defendants are correct, however, in stating that there is a split within this Circuit, and within this District, regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters.

Some courts, including this one, have concluded that an individual insurance adjuster may be held liable under § 541.060(a)(2)(A). *See Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 15-CV-1183, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015); *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 15-CV-0293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015). But other courts have found that § 541.060 cannot be applied against adjusters for violating those provisions specifically referring to the settlement or paying of claims. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Ministerio Int'l Lirios Des Valle v. State Farm Lloyds*, No. 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (finding, as a matter of law, that adjusters cannot be liable under § 541.060(a)(2)).

As discussed above, this Court has previously found that § 541.060(a)(2)(A) can reasonably be applied to individual adjustors. *Denley Grp.*, 2015 WL 5836226, at *4. Furthermore, "in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's ability under the Tex. Ins. Code must be resolved in favor of remand." *Roach*, 2016 WL 795967, at *6. Therefore, the Court will continue its analysis with the position that an individual adjuster can be held liable under § 541.060(a)(2)(A). The Court now turns to a 12(b)(6)-type analysis of Plaintiff's § 541.060(a)(2)(A) claim against Sewell.

Section 541.060(a)(2)(A) prohibits the failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Additionally, this Court has concluded that § 541.060(a)(2)(A) applies only to conduct that precedes the settlement of a claim. *Thomas v. State Farm Lloyds*, 3:15-CV-1937-B, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015).

In order to support its claim, Plaintiff alleges in its Original Petition that Sewell "failed to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear." Doc. 10, Pl.'s Orig. Pet. 6. Plaintiff also adds that Sewell: (1) "did not prepare any estimates or scopes of damages to the Property or failed to provide those to the insured"; (2) "failed to hire any qualified experts to appropriately assess the damage"; (3) "delayed the claims process and failed to communicate with the insured"; and (4) "misrepresented the Policy's coverage." *Id.* at 4. The Court finds that Plaintiff's allegations of delay and inadequate investigation provide a reasonable basis for concluding that Plaintiff might recover against Sewell for failing to effectuate a fair settlement of a claim. *See Smallwood*, 385 F.3d at 573. Thus, the Court finds that Plaintiff met its pleading burden, and Sewell is a properly joined in-state defendant. Because Sewell is a properly joined in-state defendant, removal by Defendants was improper.

## IV.

## CONCLUSION

Based on the foregoing reasons, the Court concludes that Plaintiff has provided a reasonable basis to predict that Plaintiff might be able to recover against Sewell under § 541.060(a)(2)(A) of the Texas Insurance Code and therefore that Sewell was properly joined as a party in this matter. Because both Plaintiff and Sewell are citizens of Texas for purposes of diversity jurisdiction, the Court

lacks diversity jurisdiction over this case under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 9) and **ORDERS** that this case be remanded to the 116th Judicial District Court of Dallas County, Texas for further proceedings.

**SO ORDERED**.

**SIGNED: May 10, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE